[Cite as *State v. Eisenman*, 2018-Ohio-934.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-475 |
| | | (C.P.C. No. 16CR-515) |
| Travis J. Eisenman, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 13, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Todd W. Barstow*, for appellant. **Argued:** *Todd W. Barstow.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Travis J. Eisenman is appealing from his conviction on a charge of felonious assault. He assigns a single error for our review:

> THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF FELONIOUS ASSAULT AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} Major parts of this case are not in serious dispute. Eisenman punched Scott Stevens in the head. Stevens fell to the floor, hitting his head. He was transported to a

hospital and underwent extensive medical treatment for brain damage. He can no longer smell or taste. He has memory loss. He suffers from vertigo. In short, there is no question that Stevens suffered serious physical harm as a result of being struck by Eisenman. The only question is if Eisenman knowingly caused serious physical harm to Stevens. *See* R.C. 2903.11(A)(1) which reads:

> (A) No person shall knowingly do either of the following:
>
> (1) Cause serious physical harm to another or to another's unborn.

{¶ 3} "Knowingly" is defined in R.C. 2901.22(B) as follows:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶ 4} Simple assault is defined by R.C. 2903.13(A) and (B). A felonious assault therefore can actually be simple assault if the person throwing the punch did not know he or she was causing serious physical harm but only knew he or she was causing physical harm. A felonious assault likewise becomes a simple assault if the person throwing the punch caused the serious physical harm recklessly.

{¶ 5} "Recklessly" is defined by R.C. 2901.22(C) as follows:

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

{¶ 6} The trial judge in Eisenman's case submitted misdemeanor assault for the jury's consideration on a theory of Eisenman recklessly causing serious physical harm. The

jury found that Eisenman knowingly caused the serious physical harm and convicted Eisenman of the greater offense.

{¶ 7} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 8} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Id.* at 387. In so doing, the court of appeals sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *see also, Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *Martin*.

{¶ 9} As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, see [*State v.*] *DeHass*, [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996). It was within the province of the jury to make the credibility decisions in this case. *See State v. Lakes*, 120 Ohio App. 213, 217 (4th Dist.1964) ("It is the province

of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 10} *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991) (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 11} Given the standards we are to apply, we cannot overturn the jury's verdict. Eisenman struck Scott Stevens in the head with sufficient force to knock Steven's out immediately. R.C. 2901.22 does not require that Eisenman had a purpose to cause serious physical harm, only an awareness that his conduct would probably cause serious physical harm.

{¶ 12} Given the force of the blow to the head, the jury could reasonably find that Eisenman was aware he had caused serious physical harm.

{¶ 13} The jury verdict was supported by sufficient evidence and was consistent with the weight of the evidence. The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

_____