[Cite as *State v. Watson*, 2018-Ohio-4964.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,           :               No. 17AP-834
                                                                  (C.P.C. No. 17CR-1810)
v.                                               :
                                                                  (REGULAR CALENDAR)
Brandon D. Watson,                               :

      Defendant-Appellant.          :

D E C I S I O N

Rendered on December 11, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Megan E. Grant*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Brandon D. Watson, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of felonious assault. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On March 30, 2017, plaintiff-appellee, State of Ohio, indicted Watson on one count of felonious assault in violation of R.C. 2903.11, a second-degree felony. Watson pleaded not guilty and waived his right to be tried by jury. The matter was tried before the court in October 2017. As pertinent to this appeal, the following evidence was adduced at trial.

{¶ 3} Camerina Gonzalez Morales testified as follows. At approximately 11:00 p.m. on March 21, 2017, she was in her vehicle in a parking lot near East Woodruff Avenue and

Pearl Alley in Columbus waiting for her son to leave work. She observed two men walking near each other in a normal manner. Then, "suddenly" and "out of the clear blue," one of the men "just blew a fist to him, to the side of his face." (Tr. at 75.) The closed fist punch was strong enough that it knocked the victim to the ground and rendered him unconscious. The assailant did not check on the victim, and he "just kept on walking." (Tr. at 75.) Passersby saw the victim on the ground and moved him from the street so he would not be struck by a vehicle. Morales described the victim as slightly taller than the assailant but did not otherwise characterize their statures relative to each other. She identified Watson as the assailant.

{¶ 4} The victim, Richard Grieshop, testified regarding the injuries he sustained as a result of the punch to his head. Grieshop did not remember the circumstances of the attack. He only could recall walking toward a store on the night of the incident and then waking up in the hospital. As a result of the attack, Grieshop suffered a traumatic brain injury, a fractured skull, and internal bleeding. He spent four days in the hospital and has suffered multiple seizures and memory issues since the attack.

{¶ 5} Columbus Police Officer Jennifer Holmes, who responded to the scene, testified that Grieshop was laying on his back unconscious when she arrived to help. Grieshop had blood coming out of one of his ears, and he never regained consciousness before medics arrived and transported him to the hospital.

{¶ 6} After the state presented its case against Watson, he moved for an acquittal pursuant to Crim.R. 29. The trial court denied the motion. Based on the evidence at trial, the court found Watson guilty of committing felonious assault. The court sentenced Watson to five years in prison for his conviction.

{¶ 7} Watson timely appeals.

## II. Assignment of Error

{¶ 8} Watson assigns the following error for our review:

> The evidence presented at trial was insufficient to support the conviction and the trial court erred when it overruled Appellant's Motion for Acquittal pursuant to Criminal Rule 29.

## III. Discussion

{¶ 9} In his sole assignment of error, Watson contends the evidence was insufficient to convict him of felonious assault, and the trial court erred in overruling his Crim.R. 29 motion for acquittal. This assignment of error lacks merit.

{¶ 10} Crim.R. 29(A) provides that the court, "on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Challenges to the denial of a Crim.R. 29 motion and the sufficiency of the evidence involve the same standard. *State v. Fugate*, 10th Dist. No. 12AP-194, 2013-Ohio-79, ¶ 5, citing *State v. Turner*, 10th Dist. No. 04AP-364, 2004-Ohio-6609, ¶ 8. Whether there is legally sufficient evidence to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Sufficiency is a test of adequacy. *Id.* The relevant inquiry for an appellate court is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt. *State v. Mahone*, 10th Dist. No. 12AP-545, 2014-Ohio-1251, ¶ 38, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37; *see State v. Bankston*, 10th Dist. No. 08AP-668, 2009-Ohio-754, ¶ 4 ("[I]n a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility; rather, it essentially assumes the state's witnesses testified truthfully and determines if that testimony satisfies each element of the crime.").

{¶ 11} Here, Watson was convicted of one count of felonious assault. Felonious assault is proscribed by R.C. 2903.11(A), which states that no person shall knowingly cause serious physical harm to another. "Serious physical harm" means any of the following:

> (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
>
> (b) Any physical harm that carries a substantial risk of death;
>
> (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

R.C. 2901.01(A)(5).  Loss of consciousness, "irrespective of its duration," satisfies R.C. 2901.01(A)(5)(c).  *State v. Sales*, 9th Dist. No. 25036, 2011-Ohio-2505, ¶ 19.

{¶ 12} It is undisputed that the evidence at trial demonstrated the victim, Grieshop, suffered serious physical harm, and that Watson inflicted that harm.  As a result of Watson striking Grieshop in the head, Grieshop was knocked unconscious for an extended period of time, and he sustained a traumatic brain injury, a fractured skull, and internal bleeding.  At issue is whether Watson *knowingly* caused serious physical harm to Grieshop.

{¶ 13} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature.  A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).  In the absence of a defendant's admission, resolution of whether an individual acts knowingly must be determined from all the surrounding facts and circumstances.  *State v. Fielding*, 10th Dist. No. 13AP-654, 2014-Ohio-3105, ¶ 51; *State v. Henry*, 10th Dist. No. 16AP-846, 2018-Ohio-1128, ¶ 51.  Thus, the test is subjective but usually is decided on objective criteria.  *Id.*

{¶ 14} In support of his argument that the evidence did not demonstrate he knowingly caused serious physical harm to Grieshop, Watson cites *State v. McFadden*, 10th Dist. No. 95APA03-384 (Nov. 21, 1995).  In *McFadden*, the defendant was convicted of felonious assault after throwing one blindside punch to the victim's head.  The evidence in that case also showed the defendant and the victim were of similar size and body weight, and the defendant lacked any boxing or fighting experience.  This court found that while "it is reasonable to assume that a person would expect one punch to cause physical harm to another person[,]" this court was not persuaded, "[u]nder the circumstances, * * * that a reasonably prudent person would have been aware that the throwing of one punch had the

propensity to cause serious physical harm to another person."  Based on this reasoning, this court held the evidence was insufficient to convict the defendant of felonious assault.  *Id.*

{¶ 15} Insofar as Watson contends that *McFadden* established a bright-line rule precluding a felonious assault conviction when an assailant with no fighting or boxing experience blindside punches a victim of approximately the same size one time, we reject that argument.  As outlined above, the determination of whether an assailant acted knowingly requires a review of all the facts and circumstances.  Furthermore, since *McFadden* was decided in 1995, numerous Ohio courts, including this one, have determined that a single punch to the head or face can support a conviction for felonious assault even in the absence of evidence that the assailant had fighting or boxing experience, or was more physically imposing than the victim.  *See State v. Eisenman*, 10th Dist. No. 17AP-475, 2018-Ohio-934, ¶ 11 (affirming a felonious assault conviction where the defendant had punched the victim once in the head with sufficient force to "knock [the victim] out immediately"); *State v. Hampton*, 8th Dist. No. 103373, 2016-Ohio-5321, ¶ 24 ("evidence [of] a single blow to the head may satisfy the criminal elements of felonious assault"); *State v. Westfall*, 9th Dist. No. 10CA009825, 2011-Ohio-5011, ¶ 10 (single punch to the victim's face sufficient to support the felonious assault conviction); *State v. Shepherd*, 11th Dist. No. 2003-A-0028, 2006-Ohio-4315, ¶ 28 (same); *State v. Vanover*, 4th Dist. No. 98CA38 (May 16, 1999) ("the mere act of punching someone in the head area carries with it the risk of causing serious physical harm"); *see also State v. Brown*, 4th Dist. No. 17CA3809, 2018-Ohio-2635, ¶ 42 (expressly rejecting the reasoning of *McFadden*).  Thus, Watson's reliance on *McFadden* is unpersuasive.

{¶ 16} Viewed in a light most favorable to the state, the evidence demonstrated beyond a reasonable doubt that Watson knowingly caused serious physical harm to Grieshop.  The testimony at trial showed that Watson, without any provocation, and without Grieshop having any chance to brace himself in any way, struck Grieshop with a strong closed fist punch to the side of his head.  The strike was severe enough that it knocked Grieshop to the ground, left him unconscious for an extended period of time, and damaged his skull and brain.  Moreover, after striking the defenseless Grieshop, Watson simply walked away.  This response to the immediate impact of his punch reasonably indicated that Watson was unsurprised by its severity.  Thus, it can be inferred that Watson was aware

that a strong, closed fist blindside punch to Grieshop's head probably would cause serious physical harm.

{¶ 17} Because Watson's conviction for felonious assault was supported by sufficient evidence, we overrule his sole assignment of error.

## IV. Disposition

{¶ 18} Having overruled Watson's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.